IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SUSAN LOPEZ, as personal representative
of the estate of Marcos Lopez, and SUSAN
LOPEZ, on her own behalf, and as guardian
of her minor children NICHOLAS LOPEZ
and ANALISA LOPEZ,

      Plaintiffs,

v.                                                    CIV 11-633 GBW/RHS

GEICO INSURANCE COMPANY,

      Defendant.

## ORDER DENYING MOTION TO DISMISS OR IN THE ALTERNATIVE TO BIFURCATE AND STAY PLAINTIFF'S EXTRA-CONTRACTUAL CLAIMS

THIS MATTER is before the Court on Defendant's Motion to Dismiss or in the Alternative to Bifurcate and Stay Plaintiffs' Extra-Contractual Claims. *Doc. 49*. The motion has been fully briefed and the Court has held hearings on the matter. *Docs. 55, 60, 61, 66, 69*. Being fully advised, the Court finds that the Motion should be denied.

### *Background*

The Complaint in this case raises six claims arising out of Defendant's alleged failure to satisfy its contractual and legal obligations toward Plaintiffs. The claims are as follows: (1) Breach of Contract, (2) Insurance Bad Faith, (3) Unfair Insurance Claim Practices, (4) Unfair Trade Practices, (5) Negligent Misrepresentation, and (6) Declaratory and Equitable Relief. *Doc. 47*. For the purposes of this Order, all but the

first claim are considered extra-contractual with the first claim being the contractual claim.

In the Motion, Defendant first seeks dismissal of the extra-contractual claims until the contractual claim has been resolved.  Defendants essentially argue that the relief on the extra-contractual claims is entirely dependent upon Plaintiffs prevailing on the contractual claim.  Therefore, it argues that the extra-contractual claims should be dismissed pending resolution in favor of Plaintiffs of the contractual claim.  After reviewing the Amended Complaint and hearing the arguments, both written and oral, of the parties, the Court is persuaded that there are facts which could permit recovery on the extra-contractual claims even without Plaintiff prevailing on the contractual claim.  As such, dismissal of the extra-contractual claims would not be appropriate.  Thus, Defendant's request for dismissal will be denied.

In the alternative, Defendant "requests that the proceedings on the extra-contractual claims be bifurcated and stayed pending the determination of whether there is coverage." *Doc. 49* at 6.  A review of Defendant's argument in this portion of the Motion reveals that two separate concerns.  First, Defendant seeks a stay of all discovery on the extra-contractual claims until Plaintiff can prevail on the contractual claim.  Because the Court is not persuaded that Plaintiff's failure on the contractual claim would be dispositive on the extra-contractual claims, a stay is not warranted.  Consequently, Defendant's request for a stay is denied.

Second, Defendant requests bifurcation or severance of the contractual claims from each other given the prejudice to Defendant and the confusion of the jury which would be caused by trying the claims together.  It is likely that the evidence which would be relevant to the contractual claim would be significantly different in type and scope from the evidence relevant to the extra-contractual claims.  In fact, significant portions of evidence admissible on the extra-contractual claims could be inadmissible as invading the province of the jury with respect to the liability and damages arising from the accident.  Consequently, if a trial is held in this matter, the Court may determine that the presentation of evidence for these two types of claims should be divided in some fashion.  However, at this stage, it is too early to determine if such a division is necessary.  Thus, the court will deny the request to bifurcate or sever the trial without prejudice.

Wherefore, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss or in the Alternative to Bifurcate and Stay Plaintiffs' Extra-Contractual Claims, (*doc. 49*), is **DENIED**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**