IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**SUSAN LOPEZ,** as personal representative of
the estate of Marcos Lopez and
**SUSAN LOPEZ,** on her own behalf, and as guardian
of her minor children **NICHOLAS LOPEZ** and
**ANALISA LOPEZ,**

        Plaintiffs,

vs.                                                                   Civ. No. 11-cv-633 GBW/RHS

**GEICO INSURANCE COMPANY,**

        Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER

THIS MATTER COMES before the Court on Defendant's Motion for Protective Order and Memorandum in Support (Doc. 96). The Court has reviewed the Motion, Plaintiffs' Response (Doc. 107), and Defendant's Reply (Doc. 114) and concludes that the Motion is well-taken and should be granted.

The pending discovery dispute began one year ago. Plaintiffs served discovery on Defendant on December 9, 2011 (Doc. 31). According to Defendant's Motion (Doc. 96 at 5), the parties agree that a case-wide confidentiality order is appropriate, but the parties have been unable to agree on a specific proposed order. Defendant responded to Plaintiffs' discovery requests with a proposed confidentiality order (Doc. 96-2). Plaintiffs also prepared their versions of an initial protective order and a permanent protective order.

The Court may issue a protective order for good cause. According to Fed. R. Civ. P. 26(c)(1),

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . . The motion must include a

certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way . . .

Defendant proposed a protective order (Doc. 96-2) that it attests conforms with the Manual for Complex Litigation (Doc. 96 at 10), a point which Plaintiffs do not dispute.   Defendant also provided declarations from Richard T. Ingling (Doc. 96-6) and Patti Kratzer (Doc. 96-7), both longtime employees of Defendant.   The declarations state with detail that Plaintiffs' discovery requests seek information that Defendant considers confidential.   The Court concludes that these declarations satisfy both the good cause requirement of Fed. R. Civ. P. 26(c)(1) and the more specific circumstance of confidential information referenced in Fed. R. Civ. P. 26(c)(1)(G).

Plaintiffs' response brief (Doc. 107) argues that (1) GEICO's documents are not confidential because they have been disclosed to state insurance departments; (2) GEICO has not shown that its documents have not been previously disclosed; and (3) Plaintiffs should be allowed to share discovery with other litigants in other cases who are suing GEICO for bad faith.

The first argument is unpersuasive because New Mexico statute provides that documents submitted to the insurance department for review are generally kept confidential:

Except as expressly otherwise provided, pending, during or after examination of any insurer or other person, the superintendent shall not make public, or permit to be made public, any financial statement, report or finding affecting the status, standing or rights of the insurer or person until after the report of examination has been adopted by the superintendent, and all working papers, recorded information, documents and copies thereof produced by, obtained by or disclosed to the superintendent or any other person in the course of an examination shall remain confidential, are not subject to subpoena and may not be made public by the superintendent or any other person, except to the extent permitted by Sections 59A-4-7 and 59A-4-13 NMSA 1978. The superintendent may grant access to the national association of insurance commissioners on condition that it agree in

>writing prior to receiving the information to accord it the same confidential treatment as required by this section, unless the prior written consent of the insurer or person to which it pertains has been obtained.

NMSA 1978 § 59A-4-11(B).

The second argument asks Defendant to prove that its documents have not been previously disclosed, which is asking Defendant to prove a negative. This is not a persuasive reason to conclude that Defendant's documents in this case are not deserving of a protective order. Furthermore, Defendant offered the declarations affirming that the information Plaintiffs seek are trade secret, confidential research, development, or commercial information and Plaintiffs have not refuted or addressed the specific declarations in Defendant's Motion.

Plaintiffs' third argument to deny the confidentiality order to Defendants is that Plaintiffs should be allowed to share the information they receive in one lawsuit with clients they represent in another lawsuit against Defendant in order to avoid duplicating efforts, and with other law firms pursuing claims against Defendant. This argument appears to be an open attempt to circumvent Judge Browning's stay of discovery in Clower v. GEICO Insurance Company, Civ. No. 12-472 JB/WDS, Doc. 54, a case where parties are represented by the same counsel as the pending matter. Judge Browning ordered, "By staying the exclusively bad faith discovery, there will be no discovery into Defendant's claims handling practices or procedures, including depositions of Defendant's claims handlers or other personnel concerning the handling of this claim or any other insurance claim." This weighs in favor of granting Defendant a protective order, rather than allowing Plaintiffs' counsel to use confidential discovery in one case for another case in which the judge has stayed discovery. Plaintiffs' counsel has also demonstrated willingness to share discovery with other attorneys filing suit against Defendant (Doc. 107-4), which again weighs in favor of imposing a confidentiality order so that the Court can exercise control over the

dissemination of Defendant's information.

Plaintiffs' counsel has not demonstrated how it is in the best interests of Plaintiffs Susan Lopez, Nicholas Lopez and Analisa Lopez to refuse to accept Defendant's proposed confidentiality order and forgo expeditious access to documents Plaintiffs seek, and instead litigate over competing versions of protective orders so that Plaintiffs' counsel can pursue an avenue that will allow Lopez' discovery to be shared with Plaintiffs' counsel's other clients or with other law firms suing Defendant.   While the Court assumes that Plaintiffs' counsel's position in this discovery dispute is with the utmost loyalty to the client in the pending matter, the fact that counsel is pursuing a litigation strategy to assist other litigants rather than solely the Lopez Plaintiffs is perplexing.

In sum, Defendant GEICO has demonstrated good cause for the issuance of a protective order.   Defendant shall submit a proposed order, modeled upon Doc. 96-2, to the undersigned.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE